# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0002V
Filed: December 30, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
DANIELLE LIPSCOMB MALONE,       \*
                                \*
        Petitioner,              \*
                                \*
v.                              \*
                                \*       Attorneys' Fees and Costs;
SECRETARY OF HEALTH             \*       Special Processing Unit ("SPU")
AND HUMAN SERVICES,             \*
                                \*
        Respondent.              \*
                                \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Sean Wesley Lyons*, Nashville, TN, for petitioner.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 4, 2016, Danielle Lipscomb Malone ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she received an influenza ("flu") vaccine in her left deltoid on November 26, 2013, and thereafter suffered from shoulder pain which was caused-in-fact by the flu vaccine. Petition at 1. On June 1, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 20).

On August 11, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 26). Petitioner requested attorneys' fees in the amount of $14,325.00, attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $682.66, for a total amount of $15,007.66.  *Id.* at 1-2.  In compliance with General Order #9, petitioner submitted a signed statement indicating that she did not incur any out-of-pocket expenses.[3]

On August 29, 2016, respondent filed a response to petitioner's motion.  (ECF No. 27).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00, to $13,000.00" and cites to four cases that which respondent asserts are a survey of fee awards in similar cases.  *Id.* at 3.

On September 9, 2016, petitioner filed a reply.  (ECF No. 28).  Petitioner argues that respondent does not identify any specific entries in petitioner's application as problematic, nor does respondent take issue with the hourly rate petitioner's counsel has charged for his services.

Petitioner requests additional attorneys' fees in the amount of $750.00 (three hours of time) for preparing the reply.  *Id.* at 2, n. 2.  The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, $<u>750.00</u>.[4]  Thus, the total amount awarded for attorneys' fees and costs is $**15,833.91**.[5]

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Upon request by the Court, petitioner's counsel emailed petitioner's signed statement (General Order #9) to the staff attorney assigned to this case on October 28, 2016, stating that she did not incur any fees or costs related to the prosecution of this petition.

[4] The undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

[5] The staff attorney assigned to this case contacted petitioner's attorney to obtain documentation of petitioner's costs and a copy of the General Order #9 statement.  Petitioner's counsel billed an additional 0.3 hours ($75) for preparing the General Order #9 Statement.  The receipts for costs also adjusted the amount claimed slightly from $282.66 to $283.91.  The undersigned finds this additional time expended and costs documented reasonable, however, the undersigned notes that petitioner's counsel should have prepared and submitted this information with the original fee application.

**Accordingly, the undersigned awards the total of $15,833.91,[6] as follows:**

- **A lump sum of $15,833.91, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Sean Wesley Lyons.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.